# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1809 | **DATE** | 4/08/08 |
| **CASE TITLE** | United States ex rel. Jose Barajas (K-72799) v. Daniel Austin | | |

**DOCKET ENTRY TEXT:**

Petitioner's application for leave to proceed *in forma pauperis* [3] is denied without prejudice to petitioner submitting a completed application. Petitioner is given 30 days from the date of this order to either (1) submit a completed application that contains a certificate by a trust fund officer or (2) pay the $5.00 filing fee. Failure to comply within thirty days will result in summary dismissal of this case. The clerk shall forward to petitioner a blank *in forma pauperis* application, along with a copy of this order.

■ [**For further details see text below.**]

## STATEMENT

Petitioner, Jose Barajas, a prisoner currently incarcerated at Pickneyville Correctional Center, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1999 conviction for first degree murder.

The clerk has accepted the petition for docketing pursuant to Fed. R. Civ. P. 5(e). However, petitioner's application to proceed *in forma pauperis* is incomplete. The certificate section is blank. That section requires an authorized officer to provide information as to the balance in the petitioner's trust fund account and the average deposits made to the account. This information is necessary for the Court to determine whether petitioner may proceed *in forma pauperis*. Accordingly, the current application is denied without prejudice to petitioner submitting a completed application. Alternatively, petitioner may pay the $5.00 filing fee. The Clerk will provide another *in forma pauperis* application to petitioner. Failure to submit a completed application or pay the $5.00 filing fee within 30 days will result in summary dismissal of this case. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

isk